UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. BUESGENS

    Plaintiff,

    v.

DOUGLAS G. HOUSER, et al.,

    Defendants.
_____/

No. C 08-4061 PJH

**ORDER OF DISMISSAL**

    Pro se plaintiff Michael L. Buesgens filed this action on August 25, 2008. On October 29, 2008, he filed a request to proceed in forma pauperis ("IFP"). The court finds that the complaint must be dismissed under 28 U.S.C. § 1915 (e) for failure to state a claim, and must be dismissed for lack of subject matter jurisdiction; and that three of the ten defendants must be dismissed because they are immune from suit.

### BACKGROUND

    Plaintiff is a resident of Texas who has filed numerous lawsuits, primarily in federal courts and primarily relating to complaints of housing discrimination and wrongful eviction, and complaints of employment discrimination and wrongful termination. See, e.g., Buesgens v. Brown, 567 F.Supp. 2d 26, 29-33 (D.D.C. 2008) (relating to plaintiff's housing claims); Buesgens v. Freeland, 2007 WL 5246631 at *1-2 (D.Md., Aug. 17, 2007) (relating to housing claims); Buesgens v. Galloway, 2007 WL 1674097 at *1-5 (D. Or., June 7, 2007) (relating to housing claims); see also Buesgens v. Coates, 435 F.Supp. 2d 1 (D.D.C. 2006) (relating to employment claims); Buesgens v. Snow, 169 Fed. Appx. 869, 2006 WL 535733 (5th Cir., March 6, 2006) (relating to employment claims).

1    Plaintiff is the subject of a pre-filing order issued by the Hon. Sam Sparks in the
2 Western District of Texas. See Order, Buesgens v. Travis County, Texas, Civil Action No.
3 07-0427-SS (W.D. Texas, June 20, 2007). In that case, plaintiff named approximately 60
4 defendants, including state and federal employees and judges; private individuals,
5 attorneys and business entities; the Fifth Circuit Court of Appeals; the U.S. Department of
6 Justice; the U.S. Department of Housing and Urban Development; and the United States.
7 Id. at 1.

8    Judge Sparks detailed the history of plaintiff's various court filings, which began in
9 January 2006, and which have included numerous lawsuits, and countless frivolous
10 motions and interlocutory appeals in those lawsuits. Id. at 2-8. Judge Sparks found, based
11 on plaintiff's history of filing frivolous and repetitious complaints and interlocutory appeals,
12 and continuing to attempt to litigate matters already subject to final judgment – and in
13 particular, based on his history of filing successive actions adding claims against persons
14 and entities he believes were responsible for his failure to achieve relief in prior cases –
15 that plaintiff is a vexatious litigant who should be barred from filing any future civil actions in
16 any federal court in the United States without first seeking leave of the court in which he
17 wishes to file the action. Id. at 9-10.[1]

18    Plaintiff filed the present action against ten defendants – Douglas G. Houser, a
19 partner in the law firm of Bullivant Houser Bailey P.C. ("Bullivant Houser"), working in
20 Bullivant Houser's Portland, Oregon, office; Lisa Lear ("Lear"), a partner in Bullivant
21 Houser, working in the Portland office; Maren J. Holmboe ("Holmboe"), an associate
22 attorney employed by Bulliver Houser, working in the Portland office; R. Daniel Lindahl
23 ("Lindahl"), alleged to be an "appellate attorney;" at the law firm of Bullivant Houser Bailey
24 P.C.; Scott H. Galloway ("Galloway"), employed by United Parcel Service; United Parcel

---

[1] The court finds that the pre-filing order cannot be applied to this case, under the standard articulated by the Ninth Circuit in Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007); rehearing en banc denied, 521 F.3d 1215 (9th Cir. 2008); petition for cert filed (July 7, 2008). The court does not consider at this time whether a similar order might be warranted as regards filings in this judicial district.

Service; the Hon. Garr M. King ("Judge King"), a United States District Judge in the District of Oregon; the Hon. Janice M. Stewart ("Judge Stewart"), a United States Magistrate Judge in the District of Oregon; and Sheryl S. McConnell ("McConnell"), Clerk of the Court, District of Oregon.

What appears to be the body of the complaint is 14 pages long.  Attached to the complaint are 350 additional pages of unidentified "exhibits" – including various court orders, docket sheets, and hearing transcripts, many with numerous hand-written notations.  Plaintiff asserts that the complaint "arises from misconduct in San Francisco County at Ninth Circuit Court of Appeals" – specifically in "civil action No. 3:07CV00043-GMK" and  "Ninth Circuit Appeal No. 07-35578."  Case No. C-07-0043-GMK ("the district court case") was a case filed in the District of Oregon; and Ninth Circuit Appeal No. 07-35578 ("the appeal") is the appeal filed by plaintiff of the dismissal of C-07-0043.

Galloway was the defendant in the district court case, which was assigned to Judge King.  Plaintiff alleged that Galloway had wrongfully refused to provide testimony relating to plaintiff's previous eviction proceeding in a Texas state court.  See Buesgens v. Galloway, 2007 WL 1674097 at *1.  Lear and Holmboe, both of whom now work at Bullivant Houser, and possibly Lindahl, who formerly worked at Bullivant Houser, were counsel for Galloway and/or his employer United Parcel Service.  Judge King dismissed the complaint for failure to state a claim.  Id.  Plaintiff filed a notice of appeal with the Ninth Circuit on July 6, 2007, but dismissed the appeal on July 24, 2008.

In the present action, plaintiff alleges that Bullivant Houser failed to timely file its answering brief in the appeal; that Bullivant Houser falsely claimed that it had not received plaintiff's opening brief in the appeal; that Bullivant Houser "waited 5 months after their brief was due to announce to the court their claim of non-receipt" of plaintiff's opening brief; that Bullivant Houser opposed plaintiff's request to expand the record on appeal; that Judge King refused to docket or scan plaintiff's filings in the district court case; that Judge King refused to correct the record on appeal in both the district court case and the appeal; that Judge Mary M. Schroeder (not a defendant herein) refused to "rule on a correct record" for

3

both the district court case and the appeal; and that Judge Stewart refused to scan the documents plaintiff filed in another case plaintiff filed in the District of Oregon, <u>Buesgens v. King</u>, C-08-0877-ST, against Judge King, McConnell, Lindahl, Holmboe, Lear, Galloway, and United Parcel Service.

In the section entitled "Relief," plaintiff poses a series of questions, which the court interprets as an additional statement of issues that plaintiff seeks to have decided in the case. Among these are whether Judge Sparks' pre-filing order applies in this district; whether Judge King has the authority to refuse to docket plaintiff's filings in case No. C-07-0043-GMK in the District of Oregon; whether Judge King has the authority to order McConnell not to docket plaintiff's filings or to return plaintiff's case filings to him; and whether Judge Stewart has the authority to order McConnell not to scan plaintiff's case filings in case No. C-08-0877-ST in the District of Oregon. In addition, plaintiff poses a series of questions relating to Bullivant Houser and various Bullivant Houser attorneys, including whether they have concealed evidence, have lied, have suborned perjury, or have "b[ought] their version of the legal justice system in California, Oregon, and Washington."

**DISCUSSION**

A.  Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915( e)(2); <u>see also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226-27 (9th Cir. 1984 ).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. <u>Guti v. INS</u>, 908 F.2d 495, 496 (9th Cir. 1990).

4

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.  Analysis

The court finds that the claims against Judge King, Judge Stewart, and McConnell must be dismissed with prejudice based on their immunity from suit for any actions taken in connection with cases filed by plaintiff in the District of Oregon, or in connection with plaintiff's Ninth Circuit Appeal No. 07-35578.

A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996).  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quotation and citation omitted).

In addition, unlike the judicial immunity available to state judges sued under 42 U.S.C. § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. Moore, 96 F.3d at 1243-44.  This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987). The court finds that the actions taken by Judges King and Stewart that are the subject of plaintiff's complaint were actions taken in their judicial capacity, and Judges King and Stewart are therefore immune from suit.

Similarly, under the doctrine of "quasi-judicial immunity," the doctrine of judicial immunity extends to those who perform "functions closely associated with the judicial process[,]" or those who have a "sufficiently close nexus with the adjudicative process." In

re Castillo, 297 F.3d 940, 948 (9th Cir. 2002) (quotation omitted).  This immunity extends to individuals performing functions necessary to the judicial process.  See Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003).  Because plaintiff asserts that McConnell was acting at the direction of Judges King and Stewart when she took the actions that are the subject of plaintiff's complaint, McConnell is entitled to absolute immunity for those actions.  Moore, 96 F.3d at 1244.

The court finds further that the claims against Galloway, United Parcel Service, Bullivant Houser and attorneys Houser, Lear, Holmboe, and Lindahl must be dismissed for failure to state a claim.  The complaint pleads no facts regarding any actions taken by any of those defendants that could form the basis of a cognizable legal claim.  Indeed, it is unclear to the court what claims plaintiff is attempting to assert, apart from claims relating to his prior lawsuits in the state courts of Texas and the U.S. District Court in various judicial districts all across the United States.

Finally, the court finds that the complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332(a).  However while plaintiff alleges that he is a "resident" of Texas, he does not allege his citizenship, and does not allege the citizenship of all defendants.  Moreover, he does not allege an amount in controversy.  Accordingly, the complaint fails to establish subject matter jurisdiction.

**CONCLUSION**

In accordance with the foregoing, the court finds that the complaint in the above-entitled action must be DISMISSED.  The dismissal is WITH PREJUDICE as to Judges King and Stewart, and McConnell.  The dismissal as to Galloway, United Parcel Service, Bullivant Houser, and Bullivant Houser attorneys Houser, Lear, Holmboe, and Lindahl is WITH LEAVE TO AMEND.

Any amended complaint must plead facts showing the basis for this court's jurisdiction over the case, and must also allege facts showing that venue is proper in this judicial district.  The fact that the firm of Bullivant Houser may have an office in San

Francisco does not necessarily mean that venue is proper in this district with regard to claims against Bullivant Houser attorneys who do not practice law in California, particularly if the events about which plaintiff complains did not occur in this district.

In addition, any amended complaint must plead separate causes of action in separate numbered paragraphs; and must plead facts, as to each defendant separately, supporting a cause of action as to that defendant.  Plaintiff must state facts showing the grounds of his entitlement to relief – "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.  The complaint will be dismissed if it does not proffer enough facts to state a claim for relief that is plausible on its face.  See id. at 1966-67.

Any amended complaint must be filed no later than December 5, 2008.  If no amended complaint is filed by that deadline, the action will be dismissed.  The court defers ruling on the IFP request pending resolution of the deficiencies in the complaint.

**IT IS SO ORDERED.**

Dated:  November 10, 2008

PHYLLIS J. HAMILTON
United States District Judge