UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. BUESGENS,

    Plaintiff,

    v.

BULLIVANT HOUSER BAILEY PC, et al.,

    Defendants.
_____/

No. C 08-4061 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Plaintiff Michael L. Buesgens filed this action on August 25, 2008. On December 29, 2008, he filed a notice of related case, asserting that the present case was related to Buesgens v. Hart, C-08-5710 MMC, which he had filed in this district on December 22, 2008. On January 2, 2009, the court dismissed the present case pursuant to 28 U.S.C. § 1915, for failure to state a claim. Judgment was entered as of that date. On January 8, 2009, the court issued an order finding the present case not related to C-08-5710 MMC.

    On January 12, 2009, plaintiff filed a motion for reconsideration of the order finding the cases not related. Plaintiff asserts that the cases are related because they "arise[ ] from housing discrimination and concealing evidence of wrongdoing at Falcon Ridge Apartments" and involve "interference in his housing discrimination complaints." The reference to "Falcon Ridge Apartments" is a reference to events that occurred in connection with the filing of an eviction complaint against plaintiff in Austin, Texas, in late 2005; and the 2006 trial of the eviction. Plaintiff subsequently filed a housing discrimination

suit in 2006, against (among other defendants) the owners of Falcon Ridge Apartments.

Since that time, plaintiff has litigated or attempted to litigate claims relating in some way to the eviction action and the housing discrimination suit in numerous federal courts throughout the United States. As the court noted in the November 10, 2008, order in the present case, plaintiff is the subject of a pre-filing order issued by the Hon. Sam Sparks in the Western District of Texas. See Order, Buesgens v. Travis County, Texas, Civil Action No. 07-0427-SS (W.D. Texas, June 20, 2007). In that case, plaintiff named approximately 60 defendants, including state and federal employees and judges; private individuals, attorneys and business entities; the Fifth Circuit Court of Appeals; the U.S. Department of Justice; the U.S. Department of Housing and Urban Development; and the United States. Id. at 1.

Judge Sparks found, based on plaintiff's history of filing frivolous and repetitious complaints and interlocutory appeals, and continuing to attempt to litigate matters already subject to final judgment – and in particular, based on his history of filing successive actions adding claims against persons and entities he believes were responsible for his failure to achieve relief in prior cases – that plaintiff is a vexatious litigant who should be barred from filing any future civil actions in any federal court in the United States without first seeking leave of the court in which he wishes to file the action. Id. at 9-10.[1]

In the present action, which has been dismissed for failure to state a claim, plaintiff alleged claims under federal criminal statutes against various members of the law firm of Bullivant Howser Bailey PC, asserting that they had misrepresented facts in papers they had filed in an appeal of a District of Oregon decision that was pending before the Ninth Circuit Court of Appeals.

In case No. C-08-5710 MMC, plaintiff claims that various defendants, including property management companies, real estate brokers, and employees of real estate

---

[1] The court acknowledged in the November 10, 2008 order that the Texas pre-filing order cannot be applied to this case, under the standard articulated by the Ninth Circuit in Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007); rehearing en banc denied, 521 F.3d 1215 (9th Cir. 2008); petition for cert filed (July 7, 2008).

2

companies in Humboldt County, California, refused to rent him an apartment because of his eviction history, and in so doing, discriminated against him and failed to accommodate his mental disability. He also named as defendants various individuals who had some connection with the Texas legal proceedings, although the claims against those defendants are less clear than the claims against the Humboldt County defendants.

While the genesis of the events that prompted plaintiff to file both these actions (as well as lawsuits filed in other districts) may be, in plaintiff's mind, the 2005-2006 events in Texas, the court found the present action not related to case No. C-08-5710 MMC because the two actions do not "concern substantially the same parties, property, transaction, or event" and because it does not "appear[ ] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Under the local rules of this court, a party may seek reconsideration of "any interlocutory order" made in a case "[b]efore the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civil L.R. 7-9(a). However, before seeking reconsideration, the party must first request leave of court to file a motion for reconsideration. Id. Because plaintiff did not seek leave of court to file the motion for reconsideration, the motion is DENIED.

As a further basis for denial, the court finds that plaintiff has not met the standard for reconsideration. He has shown neither that a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought; nor the emergence of new material facts or a change of law occurring after the time of such order; nor a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. Civil L.R. 7-9(b).

Finally, plaintiff filed the motion after judgment had been entered. While a party may seek an order amending the judgment under Federal Rule of Civil Procedure 59, or may seek relief from judgment under Federal Rule of Civil Procedure 60, following entry of

judgment, neither the Federal Rules nor the local rules allow a party to seek relief from an interlocutory order once judgment has been entered.

**IT IS SO ORDERED.**

Dated: January 13, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge